**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRADY EUGENE GREEVE,** | ) | |
| **Plaintiff,** | ) | Case No. _____ |
| | ) | |
| **v.** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **STATE OF KANSAS, DEPARTMENT OF** | ) | |
| **CORRECTIONS, KANSAS JUVENILE** | ) | |
| **CORRECTIONAL COMPLEX, and** | ) | |
| **JEFF ZMUDA, in his individual and official** | ) | |
| **capacities, and CANDICE BYRD, in her** | ) | |
| **individual and official capacities, and** | ) | |
| **DAVID BISSELL, in his individual and official** | ) | |
| **capacities,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Brady Eugene Greeve, by and through their undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for their causes of action against Defendants, the State of Kansas, Department of Corrections, Kansas Juvenile Correctional Complex, and Jeff Zmuda, in his individual and official capacities, and Candice Byrd, in her individual and official capacities, and David Bissell, in his individual and official capacities, states the following:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Brady Eugene Greeve (hereinafter "Plaintiff") is an individual residing in Shawnee County, Kansas.

2.    At all times material hereto, Defendant State of Kansas, Department of Corrections, Kansas Juvenile Correctional Complex (hereinafter "Defendant KJCC"), is the governmental agency responsible for implementing, promulgating, and establishing policies, customs, and usages within

1

the Kansas Juvenile Correctional Complex located in Topeka, Shawnee County, Kansas. Defendant KJCC may be served pursuant to statutory requirements in Shawnee County, Kansas.

3.      At all times material hereto, Defendant Jeff Zmuda (hereinafter "Defendant Zmuda") was the Secretary of Corrections of the State of Kansas. Defendant Zmuda may be served pursuant to statutory requirements in Shawnee County, Kansas.

4.      At all times material hereto, Defendant Candice Byrd (hereinafter "Defendant Byrd") was the Acting Superintendent of the Kansas Juvenile Correctional Complex. Defendant Byrd may be served pursuant to statutory requirements in Shawnee County, Kansas.

5.      At all times material hereto, Defendant David Bissell (hereinafter "Defendant Bissell") was employed as a Major at the Kansas Juvenile Correctional Complex and in a supervisory position to Plaintiff. Defendant Bissell may be served pursuant to statutory requirements in Shawnee County, Kansas.

6.      This action arises under the Rehabilitation Act of 1973, 29 U.S.C. § 794, Section 5, *et. seq.*, of the United States Code, as amended (hereinafter "Rehabilitation Act") related to various sections including employment, accommodation, retaliation, attorney's fees, and damages.

7.      This action arises under the Americans with Disabilities Act of 1990, Title 42, Chapter 126, Section 12101, *et. seq.*, of the United States Code, as amended (hereinafter "ADA") related to various sections including employment, accommodation, retaliation, attorney's fees, and damages.

8.      This action arises under the Family Medical Leave Act of 1993 (hereinafter "FMLA"), 29 USC §2601 *et seq.* related to various sections including medical leave, interference with leave, retaliation, attorney's fees, and damages.

9.      This action also arises under the Kansas Act Against Discrimination, Chapter 44, Article 10, Section 1001, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KAAD"), related to various sections including employment, accommodation, retaliation, and damages.

10.      This action also arises under the State of Kansas' common law doctrine prohibiting retaliatory discharge of an employee when said employee is terminated from employment for pursuing their rights under Kansas law, to include pursuing their rights under the State's workers compensation laws.

11.      As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

12.      As to the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims enumerated herein that arise under state law are so related to claims herein that arise under federal law that they form part of the same case or controversy.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 13 as if fully set forth herein.

15.      Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against Defendant KJCC on or about December 28, 2023. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

16.     Plaintiff was issued his Notice of Right to Sue letter by the United States EEOC on or about December 18, 2024.

17.     Plaintiff's claims under the Rehabilitation Act, ADA, and KAAD herein were subject to the KHRC/EEOC investigation referenced above.

18.     Plaintiff has exhausted his administrative remedies pursuant to 29 C.F.R. §1601, *et. seq.* and K.S.A. §44-2005, *et. seq.*, or any other rule, law, statute, or regulation.

19.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 19 as if fully set forth herein.

21.     Plaintiff was initially hired by the State of Kansas as a correctional officer at the Topeka Correctional Center located in Topeka, Kansas in approximately 2015.

22.     In approximately 2019, Plaintiff transferred to the Lansing Correctional Facility located in Lansing, Kansas, still in the capacity of a correctional officer.

23.     In approximately April 2022, Plaintiff transferred to the Kansas Juvenile Correctional Complex located in Topeka, Kansas, continuing to perform the position of correctional officer.

24.     On or about July 4, 2022, Plaintiff was involved in a motorcycle accident wherein Plaintiff suffered extensive physical and mental injuries. As a result of the accident and the related injuries, Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD") and Generalized Anxiety Disorder ("anxiety") secondary to brain injury, which will continue to affect Plaintiff for most of his lifetime.

25.    Plaintiff PTSD and anxiety interfere with Plaintiff's ability to focus and general cognitive function, which substantially interferes with Plaintiff's daily activities.

26.    At all times pled herein, the Defendant KJCC facility was led and under the authority and control of Defendant Zmuda, Defendant Byrd, and Defendant Bissell. In these capacities, Defendant Zmuda, Defendant Byrd, and Defendant Bissell have influence over Plaintiff's employment, schedule, disciplinary action, recognitions/awards, among others.

27.    In approximately the first week of September 2022, Plaintiff suffered an injury while working for the Defendants, further exacerbating Plaintiff's PTSD and anxiety, in addition to physical injuries to Plaintiff's lower extremity.

28.    Plaintiff's injury referenced in paragraph 27 constituted an injury compensable under Kansas worker's compensation laws.

29.    Between September 2022 and December 2022, Plaintiff missed several days of work due to Plaintiff's existing disabilities, recent worker's compensation injury, and medical restrictions related to both.

30.    Despite Plaintiff's regular communications with Defendants regarding the bases for Plaintiff's absences, Defendants did not inform Plaintiff of his rights under the FMLA, Rehabilitation Act, ADA, KAAD, or Kansas worker's compensation laws and continued to negatively point Plaintiff's attendance.

31.    In March 2023, due to Plaintiff's increasing PTSD and anxiety symptomology and medical appointments related to the same, Plaintiff approached Defendant KJCC's human resources department to inquire about his options. On or about March 28, 2023, Plaintiff then submitted a request that he be permitted one day per week off, in addition to his regularly scheduled two days off work per week. Plaintiff submitted this request to his supervisory staff, including Defendant

Bissell, and Defendant KJCC's human resources department. This request constituted a request for leave under the FMLA and a request for accommodation under the Rehabilitation Act, ADA, and KAAD.

32.     Following Plaintiff's March 28, 2023 request for leave and accommodation, Defendant KJCC's human resources department informed Plaintiff that his request for leave and accommodation had been approved. As such, Plaintiff was surprised when Defendants issued Plaintiff a letter of reprimand related to Plaintiff's alleged absences on April 24, 2023, despite those alleged absences being covered by Plaintiff's request for leave and accommodation, less than four weeks after Plaintiff's request for leave and accommodation. When Plaintiff raised the issue of his request for leave and accommodation, Plaintiff's supervisor stated, "it's not my problem."

33.     Concerned that Defendants were issuing him disciplinary action for absences related to his request for leave and accommodation, Plaintiff approached his supervisory staff and inquired about the same on several occasions but received no meaningful response.

34.     Despite Plaintiff's protests related to the April 24, 2023 letter of reprimand, Defendants proceeded to suspend Plaintiff's employment without pay for one working day on May 19, 2023. Plaintiff again sought clarification from his supervisor related to the May 19, 2023 suspension, whereupon the supervisor stated, "I'm just doing what I'm told."

35.     Because of the attendance discipline issued by Defendants referenced in paragraphs 32 and 34, Plaintiff submitted a renewed request for leave and accommodation as a result of his disabilities and worker's compensation injuries to his supervisory staff, including Defendant Bissell, and Defendant KJCC's human resources department, on June 12, 2023. In response, Plaintiff's supervisor stated, "maybe you just need to start coming to work, bud."

36.    Again, based on conversations between Plaintiff and KJCC's human resources department, Plaintiff understood his requests for leave and accommodation to have been approved by Defendants. Nonetheless, Plaintiff receive notice of his proposed termination on July 13, 2023, only four weeks after Plaintiff's second request for leave and accommodation, for alleged attendance policy violations related to dates that would have been protected under Plaintiff's request for leave and accommodation under the FMLA, Rehabilitation Act, ADA, and KAAD, or otherwise protected under Kansas worker's compensation laws.

37.    Defendants terminated Plaintiff's employment despite Plaintiff having remaining FMLA leave and accumulated sick and vacation hours available to him.

38.    At all times pled herein, Plaintiff was always qualified to do and perform the position of corrections officer, as evidenced by Plaintiff's several years of service in this position.

39.    Shortly following Plaintiff's September 2022 worker's compensation injury and continuing through July 2023, Defendants began treating Plaintiff differently by interfering with Plaintiff's work duties, being more critical of Plaintiff's work, and refusing to adequately communicate with Plaintiff.

40.    The retaliatory behavior referenced in paragraph 39 intensified and increased in frequency following Plaintiff's March 2023 request for leave and accommodation and continued on through July 2023.

41.    Despite Plaintiff's several attempts to engage in the interactive process and discuss potential possibilities related to his requests for leave and accommodation, Defendants refused to meaningfully engage in the interactive process with Plaintiff. Instead, Defendants continually ignored Plaintiff's requests or misled Plaintiff to believe his requests had been approved.

42.     Because of the repeated disregard for Plaintiff's requests for accommodation and/or leave by Plaintiff's supervisory staff, including or approved by Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, Plaintiff was not permitted to fully utilize the FMLA leave he was entitled to and was forced to continually report to work, exacerbating Plaintiff's medical conditions and related pain.

43.     Between March 2023 and July 2023, Defendants herein failed to meaningfully engage in the interactive process with Plaintiff, failed to accommodate Plaintiff, failed to grant and/or enforce Plaintiff's leave under the FMLA, interfered with Plaintiff's FMLA leave, and discriminated and retaliated against Plaintiff for pursuing his legal rights under the FMLA, Rehabilitation Act, ADA, KAAD, and Kansas worker's compensation laws.

**COUNT I – DISCRIMINATION ON THE BASIS OF DISABILITY
AS TO DEFENDANT STATE OF KANSAS, DEPARTMENT OF CORRECTIONS,
KANSAS JUVENILE CORRECTIONAL COMPLEX
(In Violation of the Americans with Disabilities Act of 1990, as amended, the Rehabilitation
Act of 1973, and the Kansas Act Against Discrimination)**

44.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 43 as if fully set forth herein.

45.     Plaintiff's disabilities described throughout this complaint qualify as disabilities within the meaning of the ADA, Rehabilitation Act, and KAAD.

46.     Plaintiff's disabilities are of a nature of impairment, making Plaintiff a qualified individual within the meaning of the ADA, Rehabilitation Act, and KAAD.

47.     Plaintiff's disabilities are recognized impairments as defined by the ADA, Rehabilitation Act, and KAAD.

48.     Plaintiff's disabilities affect more than one appropriate major life activity with impairments that substantially limit those activities as defined by the ADA, Rehabilitation Act, and KAAD.

49.    Plaintiff has a record of his disabilities as shown by his treatment and disclosures to Defendant KJCC of his disabilities, which were known to Defendant KJCC.

50.    Plaintiff worked as a correctional officer dating back to 2015 and that at all times of his employment and afterwards up to and continuing through today's date and beyond, even with his disabilities, he qualified for work with Defendant KJCC and continues to do so, both with or without reasonable accommodations.

51.    Despite Plaintiff's disabilities, that at all times described in this complaint, currently and into the future, Plaintiff has been and continues to be qualified physically and mentally to perform his job performed for Defendant KJCC.

52.    Defendant KJCC is a qualified covered entity under the ADA and KAAD, as Defendant KJCC is a state governmental agency and/or subdivision of the State of Kansas that engages in commerce and has fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

53.    Defendant KJCC is a qualified covered entity under the Rehabilitation Act, as Defendant KJCC received upwards of $881,000.00 in federal grants and/or funding in fiscal years 2022 and 2023.

54.    The accommodation requests described throughout this complaint were essentially denied by Defendant KJCC and Defendant KJCC failed to engage in the interactive process with Plaintiff.

55.    Plaintiff complained to proper Defendant KJCC leadership regarding the failure to accommodate committed by Defendant KJCC and its leadership.

56.    Nonetheless, Defendant KJCC did not accommodate Plaintiff despite his reasonable requests for such accommodations.

57.     Defendant KJCC did nothing to prevent and/or remedy the discrimination, retaliation, and failure to accommodate committed by Defendant KJCC leadership and employees.

58.     Defendant KJCC discriminated against Plaintiff as an individual with a disability in regard to his overall compensation.

59.     Defendant KJCC discriminated against Plaintiff as an individual with a disability in regard to his job training, and other terms, conditions, and privileges of his employment.

60.     Defendant KJCC was aware of Plaintiff's disabilities, need to attend medical appointments, need for reduced work schedule, and other simple concerns related to accommodation throughout this complaint.

61.     While employed by Defendant KJCC and/or under the control of Defendant KJCC, Plaintiff was treated differently than other employees in the same and similar position.

62.     Upon Plaintiff's request for reasonable accommodations for his disabilities, Defendant KJCC failed to engage in the interactive process with Plaintiff and Plaintiff did not receive any meaningful form of accommodation from Defendant KJCC.

63.     Defendant KJCC herein had knowledge of the discriminatory behavior toward Plaintiff, as evidenced by Plaintiff's numerous complaints to Defendant KJCC leadership.

64.     Defendant KJCC herein this case failed to take reasonable steps to prevent this discrimination from occurring and to protect Plaintiff from said conduct or retaliation from requesting a reasonable accommodation.

65.     Defendant KJCC failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including the ADA, Rehabilitation Act, and KAAD.

66.     As a direct and proximate result of Defendant KJCC's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer deprivation of income, damage to professional reputation, and other monetary damages.

67.     Plaintiff is entitled to attorney's fees as provided under the Rehabilitation Act, and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant KJCC on Count I of Plaintiff's Complaint, finding that he was subject to discrimination due to his disabilities or perceived disabilities in violation of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and the Kansas Act Against Discrimination, for injunctive relief in the form of reinstatement, reinstatement with an award of back pay and benefits including interest, or in lieu of reinstatement, an award of back pay and benefits including interest, an award of front pay and benefits including interest, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

**COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**
**AS TO DEFENDANT STATE OF KANSAS, DEPARTMENT OF CORRECTIONS,**
**KANSAS JUVENILE CORRECTIONAL COMPLEX**
**(In Violation of the Americans with Disabilities Act of 1990, as amended, the Rehabilitation Act of 1973, and the Kansas Act Against Discrimination)**

68.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 67 above as if fully set forth herein.

69.     Plaintiff engaged in protected activity protected by the ADA, Rehabilitation Act, and KAAD by requesting reasonable accommodations.

70.     A causal – or more accurately a direct – connection exists in relation to engaging in the protected activity described throughout this complaint and the adverse action by Defendant KJCC failing to engage in the interactive process with Plaintiff, failing to grant Plaintiff's requests for

accommodation, failing to adequately communicate with Plaintiff regarding his day-to-day duties and responsibilities, among others.

71.    Defendant KJCC denied accommodation and did not take such requests for accommodation in good faith, and instead retaliated against such requests and discriminated against Plaintiff's disabilities.

72.    Subsequent to and as a result of Plaintiff engaging in protected activity, Plaintiff's supervisory staff began treating him differently, interfering with his daily duties and responsibilities, and making negative comments about Plaintiff's need for leave and/or accommodation.

73.    Defendant KJCC failed to take reasonable steps to facilitate the interactive process between Plaintiff and Defendant KJCC by failing to adequately communicate with Plaintiff, not responding to Plaintiff's requests for accommodation, or otherwise leading Plaintiff to believe that his requests for leave and accommodation had been approved and taken care of, despite ultimately suspending and terminating Plaintiff's employment for alleged absences related to dates that would have been protected under Plaintiff's requests for leave and accommodation.

74.    Defendant KJCC failed to take reasonable steps to protect Plaintiff from retaliation.

75.    Defendant KJCC failed to properly train supervisors concerning their duties and obligations under civil rights laws, including the ADA, Rehabilitation Act, and KAAD.

76.    Properly trained employees and supervisors would have engaged in the interactive process with Plaintiff and/or properly elevated Plaintiff's request to facilitate the interactive process with Plaintiff.

77.    Properly trained employees and supervisors would grant a reasonable request for accommodation.

78.    As a direct and proximate result of Defendant KJCC's actions and retaliation herein, Plaintiff has suffered and will continue to suffer deprivation of income, damage to professional reputation, and other monetary damages.

79.    Plaintiff is entitled to attorney's fees as provided under the Rehabilitation Act, and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant KJCC on Count II of his Complaint, finding that Plaintiff was retaliated against for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, Rehabilitation Act of 1973, and the Kansas Act Against Discrimination, for injunctive relief in the form of reinstatement, reinstatement with an award of back pay and benefits including interest, or in lieu of reinstatement, an award of back pay and benefits including interest, an award of front pay and benefits including interest, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

## COUNT III – INTERFERING WITH, RESTRAINING, OR OTHERWISE HINDERING PLAINTIFF'S EXERCISE OF LEGAL RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT AS TO DEFENDANT JEFF ZMUDA, DEFENDANT CANDICE BYRD, AND DEFENDANT DAVID BISSELL
### (In Violation of the Family and Medical Leave Act)

80.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 79 as if fully set forth herein.

81.    At all times mentioned herein and material hereto, Plaintiff was employed by the Defendants listed in paragraphs 2 through 5, located in Shawnee County, Kansas, and was an "eligible employee" within the meaning of the FMLA.

82.    At all times mentioned herein and material hereto, the Defendants listed in paragraphs 2 through 5, located in Shawnee County, Kansas, constituted "employers" within the meaning of the

FMLA in that Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, acted, directly or indirectly, in the interest of Defendant KJCC to employees of Defendant KJCC, including Plaintiff.

83.    At all times relevant to the allegations herein, Defendant Zmuda, Defendant Byrd, and Defendant Bissell were aware of their legal obligations under FMLA.

84.    Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, interfered with, restrained, or otherwise hindered Plaintiff's attempt to exercise his legal rights under the FMLA by refusing to approve and/or enforce Plaintiff's legal rights under the FMLA in response to Plaintiff's March 2023 and June 2023 requests.

85.    Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, knowingly, intentionally, and willfully violated Plaintiff's rights under the FMLA.

86.    As a direct and proximate result of the unlawful conduct by Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, the Plaintiff has been caused to suffer damages in excess of $75,000.00.

87.    Plaintiff is alleging damages including lost wages, lost employment benefits, emotional duress, pain and suffering, future lost wages, consequential damages, double damages, reasonable attorney's fees, or any other compensation denied or lost, which may be found to relate to Defendant Zmuda, Defendant Byrd, and/or Defendant Bissell's unlawful conduct.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant Jeff Zmuda, Defendant Candice Byrd, and Defendant David Bissell, on Count III of his Complaint, finding that Defendant Zmuda, Defendant Byrd, and Defendant Bissell interfered with, restrained, or otherwise hindered Plaintiff's exercise of his legal rights under the Family and Medical Leave Act, for an award of back pay and benefits including interest, an award of front pay and benefits

including interest, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## COUNT IV - RETALIATION FOR PLAINTIFF'S EXERCISE OF LEGAL RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT AS TO DEFENDANT JEFF ZMUDA, DEFENDANT CANDICE BYRD, AND DEFENDANT DAVID BISSELL (In Violation of the Family and Medical Leave Act)

88.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 87 as if fully set forth herein.

89.    Dating back to March 28, 2023 through July 13, 2023, Plaintiff experienced wrongful and illegal retaliation by Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, subsequently to and as a result of Plaintiff's attempts to exercise his FMLA rights.

90.    Subsequent to and as a result of requesting leave pursuant to the FMLA, Plaintiff experienced retaliation when Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, began treating Plaintiff differently, interfering with Plaintiff's daily duties, refused to adequately communicate with Plaintiff, among others.

91.    Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, knowingly, intentionally, and willfully violated Plaintiff's rights.

92.    That as a direct and proximate result of the unlawful conduct of Defendant Zmuda, Defendant Byrd, and Defendant Bissell, in concert with Defendant KJCC, Plaintiff has been caused to suffer damages in excess of $75,000.00.

93.    Plaintiff is alleging damages including lost wages, lost employment benefits, emotional duress, pain and suffering, future lost wages, consequential damages, double damages, reasonable attorney's fees, or any other compensation denied or lost, which may be found to relate to Defendant Zmuda, Defendant Byrd, and Defendant Bissell's unlawful conduct.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant Zmuda, Defendant Byrd, and Defendant Bissell on Count IV of his Complaint, finding that Defendant Zmuda, Defendant Byrd, and Defendant Bissell retaliated against Plaintiff as a result of Plaintiff's attempt to exercise his legal rights under the Family and Medical Leave Act, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

<strong><u>COUNT V – RETALIATION FOR PURSING LEGAL RIGHTS<br>AND/OR SUFFERING AN INJURY COMPENSABLE<br>UNDER KANSAS WORKER'S COMPENSATION LAWS</u><br><u>(In Violation of Kansas Common Law)</u></strong>

94.    Plaintiff incorporates by reference all aforementioned paragraphs 1 through 93 as if fully set forth herein.

95.    Kansas courts have long recognized the common-law tort of retaliatory discharge as a limited exception to the at-will employment doctrine when it is necessary to protect a strongly held public policy from being undermined.

96.    The Kansas Supreme Court has recognized that the Kansas Worker's Compensation Act embeds within its provisions a public policy of protecting injured employees' rights and benefits and that Kansas law recognizes the tort of retaliatory discharge when an employee is terminated from employment for pursuing their rights under the State's worker's compensation laws.

97.    Plaintiff pursued his rights under the Kansas Worker's Compensation Act when he suffered an on-the-job injury, filed a worker's compensation claim with the Defendants, and continued to pursue said claim.

98.    Plaintiff is alleging that retaliation has occurred within the line of cases establishing the tort of retaliatory discharge as set out in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d

186 (1981), and cases interpreting that line of case law, which establishes this cause of action and tort of law.

99.    Plaintiff herein is able to establish a prima facie claim of retaliatory discharge in *San Juan v. IBP, Inc.*, 160 F.3d 1291, 1298 (10th Cir. 1998), and cases interpreting that line of case law, which establishes the prima facie elements of a retaliatory discharge claim for filing a worker's compensation claim as the following: 1) Plaintiff must establish that he filed a claim for worker's compensation benefits, or sustained an injury for which he might assert a future claim for such benefits; 2) that the employer had knowledge of Plaintiff's compensation claim, or the fact that he had sustained a work-related injury for which the Plaintiff might file a future claim for benefits; 3) that the employer terminated the Plaintiff's employment; and 4) that a causal connection existed between the protected activity or injury, and the termination.

100.    As a direct and proximate result of Defendant KJCC's wrongful conduct and work injury retaliation against the Plaintiff, the Plaintiff has been caused to suffer damages in excess of $75,000.00.

101.    Plaintiff is alleging damages including lost wages, emotional duress, pain and suffering, future lost wages, consequential damages caused by the retaliation herein, and any medical bills found related and rendered for treatment for duress or injury incurred by the retaliation/termination, which may be found to relate to the retaliatory conduct.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendant KJCC on Count V of his Complaint, finding that Plaintiff was terminated in retaliation for engaging in protected activity in violation of Kansas common law protecting injured employees from retaliation, for an award of back pay and benefits including interest, an award of front pay

and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## **DAMAGES**

102.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 101 above as if full set forth herein.

103.     Plaintiff prays for compensatory damages in the amount of $300,000.00, as Defendant KJCC employs upwards of 500 employees.

104.     Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits, reasonable accommodations, and interest incurred.

105.     Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

106.     Plaintiff prays for damages in the amount of reasonable attorney's fees and costs associated with bringing this action pursuant to the FMLA and Rehabilitation Act.

107.     Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

108.     Plaintiff prays for damages under the FMLA for any wages, salary, employment benefits, or other compensation denied or lost because of Defendants' wrongful conduct.

109.     Plaintiff prays for interest under the FMLA.

110.     Plaintiff prays for liquidated damages under the FMLA.

111.     Plaintiff prays for any other such equitable relief under the FMLA as may be appropriate.

112.     Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the FMLA, ADA, Rehabilitation, KAAD, and Kansas common law

prohibiting retaliatory discharge, or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in his favor against Defendants on all Counts of his Complaint. Plaintiff prays for injunctive relief in the form of reinstatement, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of liquidated damages including interest, an award of compensatory damages, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com

## **DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury

on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com
